# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 1:12-CR-37 |
|---|---|---|
| v. | : | (Chief Judge Conner) |
| KEVIN STALLINGS, | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Defendant Kevin Stallings ("Stallings") pled guilty in March 2012 to a single charge of possession with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 841(a)(1). Because Stallings had at least two prior felony convictions for controlled substance offenses, he was designated as a career offender pursuant to Section 4B1.1 of the United States Sentencing Guidelines. The court sentenced Stallings to 151 months' imprisonment on October 15, 2012.

Stallings now moves the court to vacate his 151-month sentence in light of the Supreme Court's decisions in <u>Descamps v. United States</u>, 570 U.S. 254 (2013), which held that sentencing courts may not apply the modified categorical approach to a defendant's crime of conviction that has a single, indivisible set of elements, and <u>Mathis v. United States</u>, 579 U.S. __, 136 S. Ct. 2243 (2016), which restated that a state crime does not qualify as an Armed Career Criminal Act ("ACCA" or "the Act") predicate offense when its elements are broader than the elements of a listed generic offense. Stallings also seeks retroactive application of Amendment 782 to the United States Sentencing Guidelines. For the reasons that follow, the court will deny Stallings' motion.

## I. Factual Background & Procedural History

On February 15, 2012, a federal grand jury sitting in Harrisburg, Pennsylvania returned a one-count indictment against Stallings. (Doc. 1). The indictment charged Stallings with possession with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Id. at 1-2). Stallings executed a written plea agreement on March 8, 2012. (Doc. 20). The probation office subsequently prepared a presentence report ("PSR") for sentencing. The PSR determined Stallings was a career offender as he had been convicted of several controlled substance crimes in Pennsylvania state courts. (PSR ¶¶ 20, 25, 30-31). This designation subjected Stallings to an offense level of 32 and enhanced criminal history category of VI under Section 4B1.1(b)(3) of the Sentencing Guidelines. (Id. ¶¶ 20, 34). At sentencing on October 11, 2012, the court adopted the PSR in its entirety, and, as noted, sentenced Stallings to 151 months' imprisonment on Count I of the indictment. (Doc. 35).

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." Id. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The

2

court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

## III. Discussion

Stallings contends that the Supreme Court's rulings in Descamps and Mathis invalidate his sentence. (See generally Doc. 43). He argues that, under Descamps and Mathis, the court erroneously relied upon Pennsylvania state drug offense convictions to establish his career offender status for sentencing purposes. (Id. at 4). Stallings' legal theory under Descamps and Mathis is less than clear. In any event, we find that a Section 2255 motion under either decision is procedurally barred.

Stallings filed the instant motion over a year after his conviction became final. The motion is accordingly untimely unless Stallings can prove that it falls within an exception to the general one-year limitation period for habeas petitions. See 28 U.S.C. § 2255(f). Stallings asserts that Descamps and Mathis retroactively

3

apply to his conviction, (see Doc. 43 at 2-4), rendering his motion timely under 28 U.S.C. § 2255(f)(3).[1]

The one-year limitations period for Section 2255 motions runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court announces a new rule when it imposes obligations on the government that were not imposed at the time a defendant's conviction became final. Teague v. Lane, 489 U.S. 288, 307 (1989). Supreme Court decisions do not announce new rules when they merely apply existing precedent in a novel factual scenario. Id. (citations omitted). New rules announced by the Supreme Court are retroactively applicable to final convictions "only in limited circumstances." Schriro v. Summerlin, 542 U.S. 348, 351 (2004). Settled or "old" rules apply retroactively on collateral review. Chaidez v. United States, 568 U.S. 342, 347 (2013).

---

[1] Stallings also avers that his prior conviction for possession of a firearm no longer qualifies as a predicate crime of violence in determining a defendant's career criminal status in light of Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551, 2557 (2015). (Doc. 43 at 1). In Johnson, the Supreme Court invalidated the ACCA's "residual clause"—which defined a "violent felony" to include crimes which "otherwise involve[] conduct that presents a serious potential risk of physical injury to another"—as unconstitutionally vague. Johnson, 135 S. Ct. at 2557; 18 U.S.C. § 924(e)(2)(B)(ii). In determining that Stallings was a career offender, the PSR identified only drug convictions as predicate offenses, (PSR ¶¶ 20, 25, 30-31), and Johnson is simply inapplicable to the instant matter. Moreover, the United States Supreme Court concluded in Beckles v. United States, 580 U.S. __, 137 S. Ct. 886 (2017), that Johnson has no applicability to the United States Sentencing Guidelines. See id. at 897.

Stallings was required to file any motion asserting a "new right" stemming from Descamps within one year of its publication in 2013. 28 U.S.C. § 2255(f)(3). He filed the instant Section 2255 motion in March 2017, nearly four years after the Court decided Descamps. (See Doc. 42). Moreover, no circuit court has concluded that Descamps established a "new" and retroactively applicable right.[2] We are persuaded by the *ratio decidendi* of the courts that have already decided this question. In Descamps, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Descamps, 570 U.S. at 258. The Court stated that existing "caselaw explaining the categorical approach and its "modified" counterpart all but resolve[d] th[e] case," and noted that application of the modified categorical approach to only divisible statutes was "the only way" it had "ever allowed" said approach to be used. Id. at 260, 263.

Stallings did file his Section 2255 motion within one year of the Supreme Court's decision in Mathis. (See Doc. 42). The United States Court of Appeals for the Third Circuit has not yet opined on whether the Supreme Court announced a "new right" in Mathis. Several other circuit courts, however, have concluded that

---

[2] See, e.g., United States v. Morgan, 845 F.3d 664, 667 (5th Cir. 2017) (collecting cases); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014) (nonprecedential).

5

there is nothing "new" about Mathis.³ We agree. In Mathis, the Supreme Court held that its "precedents make [it] a straightforward case," observing that its prior rulings concerning the Armed Career Criminal Act dictated its conclusion. Mathis, 136 S. Ct. at 2257. The Court essentially stated that its holding was predicated on 25 years of precedent. Id.

**IV.     Conclusion**

Neither Descamps nor Mathis announced a new and retroactively applicable right. Therefore, the court is compelled to deny Stallings' untimely motion to vacate his sentence. An appropriate order shall issue.

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania

Dated:     August 28, 2018

---

³ See, e.g., *In re* Conzelmann, 872 F.3d 375, 377 (6th Cir. 2017); Washington v. United States, 868 F.3d 64, 65-66 (2d Cir. 2017) (*per curiam*); United States v. Taylor, 672 F. App'x. 860, 864-65 (10th Cir. 2016) (nonprecedential); *In re* Lott, 838 F.3d 522, 522-23 (5th Cir. 2016) (citations omitted); Dawkins v. United States, 829 F.3d 549, 550-51 (7th Cir. 2016).